06-4800-cv, 06-4876-cv
Kiobel v. Royal Dutch Petroleum

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in th City of New York, on the 4${}^{th}$ day of February, two thousand eleven.

**PRESENT: DENNIS JACOBS,**
<u>**Chief Judge**</u>**,**
   **JOSÉ A. CABRANES,**
   **ROSEMARY S. POOLER,**
   **ROBERT A. KATZMANN,**
   **REENA RAGGI,**
   **RICHARD C. WESLEY,**
   **PETER W. HALL,**
   **DEBRA ANN LIVINGSTON,**
   **GERARD E. LYNCH,**
   **DENNY CHIN,**
   <u>**Circuit Judges**</u>**.**

- - - - - - - - - - - - - - - - - - - - - - - - - -x

ESTHER KIOBEL, individually and on behalf of her late husband, DR. BARINEM KIOBEL, BISHOP AUGUSTINE NUMENE JOHN-MILLER, CHARLES BARIDORN WIWA, ISRAEL PYAKENE NWIDOR, KENDRICKS DORLE NWIKPO, ANTHONY B. KOTE-WITAH, VICTOR B. WIFA, DUMLE J. KUNENU, BENSON MAGNUS IKARI, LEGBARA TONY IDIGIMA, PIUS NWINEE, KPOBARI TUSIMA, individually and on behalf of his late father, CLEMENTE TUSIMA,
   <u>Plaintiffs-Appellants-Cross-Appellees</u>,

         - v.-                                    06-4800-cv
                                                  06-4876-cv
ROYAL DUTCH PETROLEUM CO., SHELL TRANSPORT

AND TRADING COMPANY PLC,
    Defendants-Appellees-Cross-Appellants,

SHELL PETROLEUM DEVELOPMENT COMPANY OF
NIGERIA, LTD.,
    Defendant.

- - - - - - - - - - - - - - - - - - - - - -x

## ORDER

Following disposition of this appeal on September 17, 2010, an active judge of the Court, together with a senior judge, requested a poll on whether to rehear the case in banc. A poll having been conducted and there being no majority favoring in banc review, rehearing in banc is hereby **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

DENNIS JACOBS, <u>Chief</u> <u>Judge</u>, concurring in the denial of rehearing <u>in</u> <u>banc</u>:

I concur in the denial of rehearing <u>in</u> <u>banc</u> for the reasons set forth in my opinion concurring in the denial of rehearing by the panel.

Gerard E. Lynch, *Circuit Judge*, joined by Rosemary S. Pooler, Robert A. Katzmann, and Denny Chin, *Circuit Judges*, dissenting from the denial of rehearing *in banc*:

Because I believe that this case presents a significant issue and generates a circuit split, see Romero v. Drummond Co., 552 F.3d 1303, 1315 (11th Cir. 2008), and because I believe, essentially for the reasons stated by Judge Leval in his scholarly and eloquent concurring opinion, Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 149 (2d Cir. 2010), that the panel majority opinion is very likely incorrect as to whether corporations may be found civilly liable under the Alien Tort Statute for violations of such fundamental norms of international law as those prohibiting war crimes and crimes against humanity, I would rehear the case en banc.  I therefore respectfully dissent.

KATZMANN, *Circuit Judge*, dissenting from the denial of rehearing *in banc*:

In this matter of extraordinary importance, this court divided 5-5 as to whether to proceed to *in banc* rehearing. In voting in favor of rehearing this case *in banc*, I fully concur in Judge Lynch's dissent. I make these additional comments.

Some of the points of disagreement between the panel majority and Judge Leval relate to the views that I expressed in my concurring opinion in *Khulumani v. Barclay National Bank Ltd.*, 504 F.3d 254 (2d Cir. 2007). In that opinion, I concluded that courts under the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"), should "determine whether the alleged tort was in fact committed in violation of the law of nations, and whether this law would recognize the defendants' responsibility for that violation." *Id.* at 270 (Katzmann, *J.*, concurring) (internal quotation marks and citation omitted). In *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2009), the unanimous panel — Chief Judge Jacobs, Judge Leval, and Judge Cabranes — adopted this analysis as the "law of this Circuit," and held that we must look "to international law to find the standard for accessorial liability" under the ATCA, *id.* at 258-59.

I write separately to respond to the contentions by the panel majority that "[my] reasoning in *Khulumani* leads to the inescapable conclusion" that corporations cannot be liable under the ATCA, *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 130 n.33 (2d Cir. 2010), and that Judge Leval's reasoning disregarded my *Khulumani* opinion by ignoring the rulings of international criminal tribunals with respect to corporate liability, *id.* at 146-47.[1] I disagree. I see no inconsistency between the reasoning of my opinion in *Khulumani* and Judge Leval's well-articulated conclusion, with which I fully agree, that corporations, like natural persons, may be liable for violations of the law of nations under the ATCA.

---

[1] As to the status of corporate liability under the ATCA, my concurring opinion in *Khulumani* observed that "[w]e have repeatedly treated the issue of whether corporations may be held liable under the ATCA as indistinguishable from the question of whether private individuals may be." 504 F.3d at 282 (Katzmann, *J.*, concurring). However, I stated that "we need not reach the issue at this time" because "[t]his argument was not raised by the defendants on appeal and therefore the issue was not briefed by the parties." *Id.* at 282-83.